IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-507-BO-RJ

CHARLENE NICOLE DUBLIN, )
      Plaintiff, )
       )
v. )     O R D E R
       )
UNC REX HEALTHCARE, )
      Defendant. )

This cause comes before the Court on defendant's motion to dismiss plaintiff's complaint pursuant to Rules 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff, who proceeds in this action *pro se*, has responded to the motion to dismiss, defendant has replied, and in this posture the motion is ripe for ruling. For the reasons that follow, defendant's motion to dismiss is granted and plaintiff's complaint is dismissed.

## BACKGROUND

Plaintiff initiated this action by filing a complaint on December 12, 2022. [DE 6]. Plaintiff sought leave to proceed *in forma pauperis*, which was denied on recommendation of the magistrate judge. [DE 4, 7]. Plaintiff paid her filing fee, the Clerk of Court issued the summons plaintiff had prepared, and the United States Marshals Service effected service in compliance with the Court's order. [DE 7, 8, 17].

In her complaint, plaintiff alleges that she has been discriminated against on the basis of her religion by her employer, defendant. She alleges that defendant denied her religious accommodation by "replying with repetitive questions" and "being religiously abusive by implying the gov't has approved a vaccine when [she is] requesting an

accommodation/exemption." [DE 6]. Plaintiff alleges that defendant implied that her flu exemption was different from COVID but that the religious accommodation is the same. Plaintiff further alleges that defendant has violated her First Amendment right to freedom of religion and that defendant has deprived plaintiff of her Title 18 rights to be protected by the constitution and laws of the United States. Plaintiff has used a form complaint which alleges violation of Title VII of the Civil Rights Act of 1964, as amended.

## DISCUSSION

Rule 12(b)(4) authorizes dismissal for insufficient process, or a deficiency in the content of the documents that have been served. Rule 12(b)(5) authorizes dismissal for insufficient service of process, or a deficiency in service itself. *See Washington v. Cedar Fair, L.P.*, No. 3:22-cv-244-MOC-DSC, 2023 U.S. Dist. LEXIS 16559, at *5 (W.D.N.C. Feb. 1, 2023). When a defendant moves to dismiss for either insufficient process or insufficient service of process, the plaintiff must demonstrate that service has been effected in accordance with the rules. *Elkins v. Broome*, 213 F.R.D. 273, 275 (M.D.N.C. 2003). "Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998). Fed. R. Civ. P. 12(b)(2) provides for dismissal of a defendant for lack of personal jurisdiction.

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from

the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (internal alteration and citation omitted). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.". However, a court does not "act as an advocate for a pro se litigant," *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978), nor is it required to "'discern the unexpressed intent of the plaintiff[.]'" *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n. 3 (4th Cir. 2006) (en banc)).

I. Service defects

Service on a corporate entity requires delivery to either an officer, managing or general agent, or another agent authorized to receive service of process, Fed. R. Civ. P. 4(h)(2), or an officer, director, or agent. N.C. Gen. Stat. § 1A-1, N.C. R. Civ. P. 4(j)(6)(c); *see also* Fed. R. Civ. P. 4(h)(1) (authorizing service on a corporate entity under applicable state rules). Plaintiff's summons directed to UNC Rex Healthcare is not directed to an officer, agent, or director. She has further not responded to show why her failure to comply with the rules should be excused. Accordingly, her summons is defective, and dismissal of defendant is appropriate under Rule 12(b)(4) and Rule 12(b)(2). *See Brown v. Blue Cross and Blue Shield of N. Carolina.*, 226 F.R.D. 526, 528 (M.D.N.C. 2004). Dismissal is also appropriate pursuant to Rule 12(b)(5) as plaintiff caused the summons to be sent to an address that is not the address on file with the North Carolina Secretary of State. *See* [DE 13-2].

> When the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction. When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored.

*Armco, Inc. v. Penrod-Stauffer Bldg. Sys.*, 733 F.2d 1087, 1089 (4th Cir. 1984). Plaintiff has not demonstrated that her failure to comply with the rules of service should be ignored or excused. Defendant's motion to dismiss for insufficient process and insufficient service of process is therefore granted.

II. Failure to state a claim

Additionally, plaintiff's complaint fails to state a claim upon which relief can be granted. Title VII prohibits employers from "discriminat[ing] against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's ... religion." 42 U.S.C. § 2000e-2(a)(1). "To establish a prima facie religious accommodation claim, a plaintiff must establish that: '(1) he or she has a bona fide religious belief that conflicts with an employment requirement; (2) he or she informed the employer of this belief; [and] (3) he or she was disciplined for failure to comply with the conflicting employment requirement.'" *Booth v. Maryland*, 337 F. App'x 301, 308-09 (4th Cir. 2009) (quoting *Chalmers v. Talon Co. of Richmond*, 101 F.3d 1012, 1019 (4th Cir. 1996)). Plaintiff fails in her complaint, or in her response to the motion to dismiss, to identify any discipline to which she was subjected for failing to comply with a requirement of her employment that conflicted with her religion. She further fails to identify with any specificity what her religious beliefs are which conflict with a vaccine mandate and whether and to what extent she informed defendant of such belief. *See Friend v. Astrazeneca Pharm. LP*, No. SAG-22-03308, 2023 U.S. Dist. LEXIS 83749, at *7 (D. Md. May 11, 2023). She has thus failed to sufficiently plead a claim under Title VII.

Plaintiff further alleges a claim for violation of her First Amendment rights, but she has not alleged that defendant is a state actor or that its actions can be attributed to the state. *See* 42 U.S.C. § 1983; *Mentavlos v. Anderson*, 249 F.3d 301, 313 (4th Cir. 2001). Finally, plaintiff alleges

4

that defendant violated Title 18 of the United States Code, and has specified 18 U.S.C. § 242 in her response, but this is a criminal statute which does not create private right of action. *See Stevens v. Town of Snow Hill, N.C.*, No. 4:19-CV-156-D, 2020 WL 6144282, at *3 (E.D.N.C. Sept. 17, 2020), *report and recommendation adopted,* No. 4:19-CV-156-D, 2020 WL 6140453 (E.D.N.C. Oct. 19, 2020). This claim is therefore appropriately dismissed.

## CONCLUSION

Accordingly, for the foregoing reasons, defendant's motion to dismiss [DE 13] is GRANTED. Plaintiff's complaint is hereby DISMISSED. The clerk is DIRECTED to close the case.

SO ORDERED, this **23** day of January 2024.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE